{¶ 12} I respectfully dissent.
 {¶ 13} I believe that the nunc pro tunc entry in this case was not timely, because appellant's sentence had already expired. Although Crim.R. 36 allows the trial court to enter a nunc pro tunc order "at any time[,]" Crim.R. 1(A) effects a limitation by providing that "[t]hese rules prescribe the procedure to be followed in all courts of this state in the exercise of criminal jurisdiction * * *."
 "Thus, the criminal rules are to be followed when a court exercises criminal jurisdiction. Criminal jurisdiction attaches when a charge is filed alleging some violation of the Ohio Criminal Statutes. See State v. Brooks (June 29, 1988), 4th Dist. No. 1412. See, also, R.C. 2901.11, which sets forth criminal law jurisdiction. Criminal jurisdiction ends upon the defendant's release from incarceration, probation or parole, whichever event occurs last." State v. Nye (June 4, 1996), 10th Dist. No. 95APA11-1490.
Accordingly,
 "[W]here a sentence not contrary to law is imposed upon a defendant's full and final release, the criminal rules no longer apply as there is no pending case, and a nunc pro tunc entry/judgment is not available to correct an error." Id. *Page 9 
 {¶ 14} In this case, the trial court's journal entry ordered that appellant be placed on community control for a period of 18 months. During that period, appellant violated the terms of his community control and appeared before the court where he pled guilty and was sentenced to 90 days in a halfway house. At that time, the trial court retained the jurisdiction to enter a nunc pro tunc order to correct appellant's original sentence to reflect 24 months of community control instead of 18. However, it failed to do so at that time. When a capias was issued for appellant's arrest stemming from a subsequent alleged violation of his community control, his 18-month sentence had elapsed. Accordingly, Crim.R. 36 no longer applied to allow the trial court to enter a nunc pro tunc order, because the court had no further "criminal jurisdiction" to be exercised over appellant. See Nye.
 {¶ 15} I further disagree with the majority's reliance on State v.Taylor (1996), 78 Ohio St.3d 15. First, the proposition inTaylor on which the majority relies is arguably dicta. TheTaylor court stated without any analysis that the trial court "clearly had authority to correct factual errors" in a judgment entry filed 19 years earlier, but did so within its discussion of an issue the court found the appellant had waived. Second, I would distinguish the nature of the correction made pursuant to the nunc pro tunc order inTaylor from that in the instant matter. In Taylor, the nunc pro tunc order was used to correct a purely factual error, i.e., the name of the offense, which correction had no effect on the underlying sentence *Page 10 
in the first murder case. In this case, however, the nunc pro tunc order served to modify the underlying sentence. Therefore, I disagree with the majority's reliance on Taylor.
 {¶ 16} For the reasons above, I would sustain appellant's first assignment of error and reverse. *Page 1